J-S09032-19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF |
| Appellee | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAZ LEE AUSTIN, | : | |
| | : | |
| Appellant | : | No. 1206 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 26, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division, at No(s): CP-02-CR-0001230-2017
CP-02-CR-0001233-2017

BEFORE:  PANELLA, P.J, LAZARUS, J. and STRASSBURGER, J.*

JUDGMENT ORDER BY STRASSBURGER, J.:
FILED APRIL 25, 2019

Chaz Lee Austin (Appellant) appeals from the judgment of sentence entered July 26, 2018, after the trial court revoked his probation.  Upon review, we quash this appeal.

In light of our disposition, a complete recitation of the factual and procedural history is unnecessary.  Pertinent to this appeal, on May 31, 2017, Appellant pleaded guilty at docket number CP-02-CR-0001230-2017 (docket number 1230-2017) to one count each of simple assault, recklessly endangering another person (REAP) and resisting arrest.  That same day, Appellant pleaded guilty at docket number CP-02-CR-0001233-2017 (docket

_____

* Retired Senior Judge assigned to the Superior Court.

number 1233-2017) to one count of simple assault. Appellant proceeded directly to sentencing and, pursuant to Appellant's negotiated plea deal, Appellant was sentenced to two years' probation. No direct appeal was filed.

On July 26, 2018, Appellant "appeared for a Gagnon II[1] hearing for multiple technical violations of his probation." Trial Court Opinion, 11/27/2018, at 2. Following a hearing, the trial court revoked Appellant's probation and imposed a term of incarceration of six to 12 months with immediate parole to Justice Related Services (JRS) at docket number 1230-2017, and a concurrent term of two years' probation at docket number 1233-2017. N.T., 7/26/2018, at 3. These sentences were memorialized in two separate sentencing orders. See Order, 7/26/2018 (Docket Number 1230-2017); Order, 7/26/2018 (Docket Number 1233-2017). Appellant thereafter filed a single post-sentence motion at both docket numbers and, following its denial, a timely notice of appeal.[2] In its caption, Appellant listed both docket numbers.

Before we reach the issues presented by Appellant on appeal, we must address first the fact that Appellant filed a single notice of appeal raising issues that relate to two docket numbers. In Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018), our Supreme Court considered whether to quash an appeal where one notice of appeal was filed for orders entered at more than one

---

[1] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 2 -

docket number. The Official Note to Pennsylvania Rule of Appellate Procedure 341(a) provides that "[w]here … one or more orders resolves [sic] issues arising on more than one docket … separate notices of appeal must be filed." In Walker, our Supreme Court found that the "Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." Id. at 976-77. Thus, it held that for appeals filed after June 1, 2018, the date Walker was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." Id. at 977. The Court emphasized that the "failure to do so will result in quashal of the appeal." Id.

In this case, on August 27, 2018, Appellant filed a single notice of appeal from his judgment of sentence announced on July 26, 2018 at two docket numbers. Because Appellant filed his notice of appeal after our Supreme Court's decision in Walker, we must quash this appeal. See Commonwealth v. Williams, ___A.3d___, 2019 WL 1272699 at *2 (Pa. Super. 2019) (quashing an appeal from a single pro se notice of appeal containing multiple docket numbers which was hand-dated June 4, 2018 and time-stamped on June 5, 2018, "in accordance with Rule 341 and Walker").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2019